Appellant, Kevin Thomas, brings this consolidated appeal from Judge Nancy McDonnell's determination that he is a sexual predator pursuant to R.C. 2950.09(B). He claims five constitutional and one procedural errors. For the following reasons, we disagree and affirm.
On Easter Sunday 1992, Thomas, then operating an empty number thirty-four RTA bus, picked up Ms. T.R., who was waiting for a number twenty-eight bus. Ms. R. was twenty-one-years of age and severely hearing impaired. She utilized a hearing aid but had difficulty communicating. She accepted the ride to reach her transfer point more quickly and then agreed to continue on the bus to its turn-around point and return to the transfer stop because "I thought he was nice * * * he wanted to get to know me, and I figured I wanted to get to know him, to see what kind of person he is." She testified about the sexual nature of his conduct at the turnaround point and her eventual release.
In January of 1993, Thomas was convicted of one count of attempted rape, two counts of felonious sexual penetration, and five counts of gross sexual imposition in Cuyahoga County Court of Common Pleas, Case No. CR-282625. On February 9, 1993, he was sentenced to a term of 7 to 15 years on the attempted rape, 7 to 25 years on each count of felonious sexual penetration, and one year each on the counts of gross sexual imposition, sentences to run concurrent.[1]
In October of 1992, Thomas was indicted for a 1990, kidnapping, rape, gross sexual imposition, and-felonious sexual penetration involving Ms. J.E. "knowing that (her) ability to appraise the nature of or control of her conduct was substantially impaired." (Cuyahoga County Common Pleas No. CR-286638). On February 9, 1993, he pleaded guilty to sexual battery with the other charges nolled, and was sentenced to one year imprisonment with that sentence to run concurrent with that of CR-282625.
The Department of Correction and Rehabilitation requested a hearing, pursuant to R.C. 2950.09(B), to determine whether Thomas would be classified as a sexual predator. On April 21, 1997, Judge Nancy McDonnell held the hearing and determined Thomas to be a sexual predator. This appeal followed.
 I.
Thomas' first assignment of error reads:
 I. O.R.C. 2950.09(B) IS UNCONSTITUTIONALLY VAGUE AND DENIES THE APPELLANT DUE PROCESS OF LAW.
Thomas argues that Revised Code Chapter 2950 is unconstitutionally vague for three reasons. He first argues that the statute gives no guidance to courts in determining whether or not a sexual offender is likely to commit a future offense because the court must apply a clear and convincing standard of proof to its determination. We addressed and rejected this argument in State v. Ward(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported (Determination of Assignment of Error VI, pages 21-25.)
Thomas next argues that the factors to be employed by the state to determine whether a sexual offender is a sexual predator are vague. We disagree. The factors listed in R.C. 2950.09(B) are relevant to the determination of whether or not a person is to be classified as a sexual predator. Other courts of appeals have also found that the factors listed in R.C. 2950.09(B) are not unconstitutionally vague. See State v. Gropp(Apr. 8, 1998), Lorain App. No. 97CA006744, unreported; State v. Chappell(Feb. 24, 1998), Franklin App. Nos. 97APA04-543, 97APA05-636, unreported; State v. Lance(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970283, C-970202, unreported; State v. Ramsey(Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported.
Thomas finally argues that the statute is unconstitutionally vague because R.C. 2950.09(B) fails to allocate the burden of proof to either the state or to the sexual offender. We disagree. The provisions of Revised Code Chapter 29 are to be strictly construed against the state. R.C. 2901.04. Accordingly, as the burden of proof at a sexual predator determination hearing is not specifically allocated to either the state or the offender, we read the statute to allocate the burden of proof to the state.
Thomas' first assignment of error is not well taken.
 II.
Thomas' second assignment of error reads:
II. O.R.C. 2950.09(B) IS AN EX POST FACTO. LAW.
In State v. Cook(1998), 83 Ohio St.3d 404, 700 N.E.2D 570, the second paragraph of the syllabus reads:
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
On the authority of the syllabus of Cook, supra, Thomas' second assignment of error is not well taken.
 III.
Thomas' third assignment of error reads:
 III. O.R.C. 2950.09(C) DENIES THE APPELLANT OF EQUAL PROTECTION UNDER THE LAW.
This court has considered and rejected arguments identical to Thomas' raised under this assignment of error. Ward, supra,
(Determination of Assignment of Error IV, pages 14-20.) Thomas' third assignment of error is not well taken.
 IV.
Thomas' fourth assignment of error reads:
 IV. O.R.C. 2950.09(C) IS CONTRARY TO THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
This court has considered and rejected arguments identical to Thomas' raised under this assignment of error. Ward, supra,
(Determination of Assignment of Error VIII, pages 26-29.) Thomas' fourth assignment of error is not well taken.
 V.
The fifth assignment of error reads:
 V. THE APPELLANT'S PLEA IS NOT VOLUNTARILY AND KNOWINGLY MADE PURSUANT TO CRIM.RULE 11 (c). (SIC)
This court has considered and rejected arguments identical to Thomas' raised under this assignment of error. Ward, supra, (Determination of Assignment of Error XI, pages 32-35.) Thomas' fifth assignment of error is not well taken.
Since no assignment of error claimed that the finding by the judge was not supported by clear and convincing evidence, and no transcript of that hearing was made part of the record, we do not address that issue.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. CONCURS WITH CONCURRING OPINION.
 LEO M. SPELLACY, J., CONCURS IN JUDGMENT ONLY.
 ___________________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S. Ct. Prac. R. II, Section 2(A)(1)
[1] This court affirmed appellant's conviction in State v.Thomas(September 1, 1994), Cuyahoga App. No. 65127, unreported.